**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT CROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| DOLGEN, LLC, | ) | _____ |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

PLAINTIFF ROBERT CROWE files this Complaint against DEFENDANT

DOLGEN, LLC ("Dolgen"), and for this cause of action states the following:

### *Nature of the Claim*

1.     Plaintiff brings this action to redress Defendant's violations of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., which have deprived

Plaintiff of his lawful wages.

2.     This action seeks unpaid wages, liquidated damages, expenses of

litigation, reasonable attorneys' fees, and other relief under the FLSA, on the

grounds set forth below.

### *Jurisdiction and Venue*

3.      This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4.      Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5.      Plaintiff Crowe is a resident of Cobb County, Georgia and began his employment with Defendant in Georgia in approximately 2010.

6.      Defendant Dolgen is organized under the laws of the State of Tennessee, is authorized to do business in the State of Georgia, and has a principal office address of 100 Mission Ridge, Goodlettsville, TN  37072.

7.      Defendant Dolgen can be served via its registered agent, Corporation Service Company, located at 192 Anderson St. SE, Suite 125, Marietta, GA 30060.

### *Factual Allegations*

8.      At all times relevant to this action, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from the overtime provisions of the FLSA.

9.      Upon information and belief, at all times relevant to this action, Defendant has been a private employer engaged in interstate commerce and its annual gross sales volume has exceeded $500,000.

10.      Plaintiff was an "employee" of Defendant's within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof.  Defendant employed Plaintiff as a keyholder.

11.      At all times relevant to this action, Defendant classified Plaintiff as non-exempt for FLSA purposes and paid him on an hourly basis.

12.       Plaintiff was a non-exempt employee within the meaning of the FLSA throughout his employment with Defendant and was subject to the overtime provisions of the FLSA.

13.      In 2016, Plaintiff transferred from one of Defendant's stores in Georgia to another of its stores in Georgia.

14.    After Plaintiff's transfer, Plaintiff worked hours in excess of forty hours per week for which Defendant failed to compensate him at a rate of time-and-a-half his regular rate of pay for those hours.

15.    Amongst other things, Plaintiff's supervisor routinely edited Plaintiff's time in its electronic timekeeping system in order to subtract time from Plaintiff's daily hours.

16.    Upon information and belief, Plaintiff's supervisor did so in order to keep Plaintiff at or below forty hours in a workweek so that he could avoid exceeding the labor budget.

17.    These false edits caused Plaintiff to rarely, if ever, be compensated for the work that he performed when he worked over forty hours in a workweek.

18.    At all times relevant to this action, Plaintiff's supervisor was aware of the hours Plaintiff worked for which he was not compensated at a rate of time-and-a-half his regular rate of pay.

19.    At all times relevant to this action, Defendant has failed to maintain accurate time records for all hours worked by Plaintiff.

20.    Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

21.     Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

22.     Plaintiff's consent to participate in this action is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

23.     Plaintiff re-alleges paragraphs 1 through 22 above and incorporates them here by reference.

24.     By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one-and-a-half times his regular rate of pay for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

25.     Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

26.     As a result of Defendant's violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated

damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award him:

i.      damages in the amount of his unpaid wages, according to proof, and pursuant to the FLSA;

ii.     an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii.    prejudgment interest;

iv.     costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

v.      reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi.     such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: August 9, 2016

By: /s/ Andrew L. Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF