# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT CROWE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 1:16-CV-02876-ELR |
| vs. | ) |
| | ) |
| DOLGEN, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made

in conjunction with the lawsuit captioned *Robert Crowe v. Dolgen, LLC,* Case No.

1:16-cv-02876-ELR (the "Lawsuit"), currently pending in the United States District

Court for the Northern District of Georgia, Atlanta Division (the "Court"), by and

between Dolgencorp, LLC,[1] its agents, employees, officers, directors,

representatives, heirs, executors, administrators, predecessors, successors, and

assigns ("Defendant").

---

[1] Dolgencorp, LLC is misidentified in the case caption.

1.

**General Release**:  In consideration for the understandings and promises set forth in this Settlement Agreement:

(a)     Crowe hereby settles with, reaches accord and satisfaction with, and releases the Defendant with respect to claims raised or that could have been raised by Crowe in the Lawsuit, specifically claims, causes of action, demands, debts, obligations, damages, or liability arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") or any state law breach of contract or other claims for unpaid wages or overtime.

(b)     Crowe covenants not to sue or to authorize anyone else to file a lawsuit, charge or administrative proceeding on his behalf against the Defendant with regard to those claims in § 1 (a) above, and not become a member of any class suing the Defendant for such claims.  Crowe also covenants and agrees not to accept, recover or receive any back pay, damages, or any other form of relief which may arise out of, or in connection with, any administrative remedies pursued independently by any federal,

state, or local governmental agency or class representative upon any such claims.

(c)    All fees and costs of this action shall be borne by the respective Parties themselves.

(d)    Crowe acknowledges that he is not presently suffering from any injury that could form the basis of a workers compensation claim against the Defendant. Crowe also acknowledges that he is not receiving Medicare or Medicaid benefits.

2.

**No admission of liability:** Crowe acknowledges that Defendant denies that it violated any law, statute, regulation, contract or other legal duty governing its relationship with him. Crowe understands and agrees that this Settlement Agreement is for the compromise of potential and disputed factual claims and that neither this Settlement Agreement nor the consideration provided herein shall be construed to be an admission of liability or wrongdoing of any sort on the part of the Defendant, such liability or wrongdoing being expressly denied. Crowe agrees not to induce, incite, or encourage claims of any nature against Defendant.

3.

**Settlement Payments and Taxes:** To resolve Crowe's claims which were raised or which could have been raised in the Lawsuit, as well as other potential claims, the Parties agree as follows:

(a)   Within 10 calendar days of entry of an order by the Court approving settlement (the "Order"), Dolgencorp, LLC shall deliver to counsel for Crowe the gross amount of $5,000.

(b)   With the exception of Dolgencorp, LLC's share of payroll taxes for alleged back wages, Crowe shall be solely responsible for any tax liability, penalties, and interest arising from the allocation of the Settlement Amount, including any taxes, penalties, and interest related to the taxable wage income paid to Crowe under IRS Forms W-2 and 1099. Crowe and his counsel understand and agree that they have not relied on any express or implied representations by Dolgencorp, LLC concerning the tax implications of the Settlement Amount.

4.

**Court Approval:** The Parties will cooperate, and take all steps necessary, to effectuate judicial approval of their settlement. If the Court approves this Agreement, the Parties request that the Court direct the Clerk of Court to

administratively close the case pending final payment to Crowe, at which point the case shall be dismissed with prejudice. In the event that the Court does not approve this Agreement, the Parties will not be deemed to have waived, limited, or affected in any way any claims, objections or defenses in the Lawsuit.

5.

**Severability of Provisions:** The Parties agree that if any provision of this Agreement should become inconsistent with present or future law having jurisdiction over and otherwise properly governing the subject matter of the provision, such provision shall be deemed to be rescinded or modified in accordance with any such law. In all other respects, the Parties agree that the other provisions of this Agreement shall continue and remain in full force and effect. This Agreement is contingent on approval by the Court. If this Agreement is not approved by the Court in whole and without revision, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

6.

**Enforcement and Choice of Law:** This Agreement will be interpreted and enforced under the laws of the State of Georgia, without regard to its conflict of laws provisions, except where federal law applies and provided that this Agreement shall

not be construed in favor of one party or against the other. Any claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the United States District Court for the Northern District of Georgia, Atlanta Division. Breach of the terms hereof shall subject the breaching party to the reasonable attorneys' fees incurred in such action by the prevailing, non-breaching party, and any other such damages and other remedies as may be available in law or in equity.

7.

**Full and Complete Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. The Parties acknowledge and agree that, before entering into this Agreement, they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the other Parties, other than the representations and warranties expressly set forth in this Agreement. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before, or after, the Court's approval of this Agreement, shall be valid or binding unless approved by the Court and made in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification, or amendment.

8.

**Binding Agreement:**  This Agreement shall be binding upon, and inure to the benefit of, the Parties, the Releasees, and their agents, employees, officers, directors, representatives, beneficiaries, heirs, executors, administrators, predecessors, successors, and assigns.

9.

**Counterparts:**  The Parties may execute this Agreement in counterparts and execution in counterparts shall have the same force and effect as if the Parties had signed the same instruments.  The Parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.


IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release of claims.

12-7-16
_____          _____
Date                             Robert Crowe

12-13-16
_____          _____
Date                             Authorized Agent for Dolgencorp, LLC